NOT FOR PUBLICATION

FILED

MAR 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZIAD A. HUSEIN, | No. 10-73295 |
| Petitioner, | Agency No. A079-606-807 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Ziad Husein petitions for review of the Board of Immigration Appeals'

(BIA) denial of his motion to reopen his removal proceedings.

Generally, motions to reopen must be filed within ninety days of a final

administrative order of removal.  8 U.S.C. § 1229a(c)(7)(C)(i).  It is undisputed

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

that the BIA affirmed the Immigration Judge's (IJ) denial of Husein's applications for asylum, withholding of removal, and protection under the Convention Against Torture on April 19, 2006, and that Husein did not file his motion to reopen until March 8, 2010—nearly four years later. Thus, under the general rule, Husein's motion was untimely.

The timeliness bar does not apply to motions "based on changed country conditions" supported by evidence that is "material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA concluded, however, that Husein did not qualify for the exception because Husein failed to establish that the evidence in support of his motion was not available at the time of his merits hearing before the IJ.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1154 (9th Cir. 2004). One of the internet articles submitted by Husein in support of his motion to reopen indicates that the Jordanian government had been revoking the citizenship of Palestinian nationals as early as 2004—a year prior to Husein's merits hearing before the IJ. Husein failed to provide any explanation as to why evidence of such revocation was unavailable at the time of his May 2005 merits hearing. *See Bhasin v.*

2

*Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (requiring petitioner to show why the evidence could not have been presented at the prior hearing). Moreover, a 2005 report by the United States Department of State submitted by Husein during his merits hearing indicated that, at the time of Husein's hearing, the Jordanian government did not apply its citizenship laws consistently, particularly in the case of Palestinian nationals. Thus, evidence of the revocation was in fact available at the time of Husein's hearing. Therefore, the BIA did not abuse its discretion in denying Husein's motion to reopen.

**PETITION FOR REVIEW DENIED.**